**ORIGINAL**

RECEIVED
AUG 17 2009

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br><br> THOMAS REIDER | **DEFENDANTS** <br><br> GURMEET SINGH and RENU GURMEET SINGH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Voss, Silverman & Braybrooke LLP <br> 4640 Admiralty Way, Ste 800, Marina del Rey, CA 90292 <br> 310-306-0515 | **ATTORNEYS** (If Known) <br> Law Offices of Michael Spector <br> 2677 N. Main St., Ste 800, Santa Ana, CA 92705 <br> 714-835-3130 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor defaulted on a promissory note to creditor. Denial of discharge sought pursuant to 11 U.S.C. 727; 11 U.S.C. 523

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - reinstatement of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☒ [1] 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☒ [3] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** <br> ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny <br> (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $ 2,900,000 |
| Other Relief Sought | |

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GURMEET SINGH and RENU GURMEET SINGH | | BANKRUPTCY CASE NO.<br>2:09-bk-22360-ER |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. ERNEST ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
*[signature]*

DATE 8/17/09

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
VOSS, SILVERMAN & BRAYBROOKE LLP

[Print Form]

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Voss, Silverman & Braybrooke LLP<br>David C. Voss, SBN 147330<br>John Worsfold, SBN 261941<br>4640 Admiralty Way, Ste 800<br>Marina del Rey, CA 90292<br>310-306-0515<br><br>*Attorney for Plaintiff* Thomas Reider<br><br>RECEIVED<br>AUG 17 2009<br>CLERK U S BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk | |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>GURMEET SINGH and RENU GURMEET SINGH<br><br>Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:09-BK-22360-ER<br><br>ADVERSARY NUMBER |
|---|---|
| THOMAS REIDER<br>Plaintiff(s),<br><br>vs.<br><br>GURMEET SINGH and RENU GURMEET SINGH<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                                                    F 7004-1

| Summons and Notice of Status Conference - *Page 2* | | **F 7004-1** |
|---|---|---|
| In re                    (SHORT TITLE) | | CASE NO.: 2:09-BK-22360-ER |
| GURMEET SINGH and RENU GURMEET SINGH | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____    _____
Date             Type Name                Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                           **F 7004-1**

| Summons and Notice of Status Conference - *Page 3* | | **F 7004-1** |
|---|---|---|
| In re | (SHORT TITLE) | CASE NO.: 2:09-BK-22360-ER |
| GURMEET SINGH and RENU GURMEET SINGH | Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)  **F 7004-1**

DAVID C. VOSS, JR., SBN 147330
JOHN WORSFOLD, SBN 261941
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Ste 800
Marina del Rey, CA 90292
310.306.0515

Attorneys for Plaintiff/Creditor,
Thomas Reider

FILED
AUG 17 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                         Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| In Re | CASE NO.: 2:09-BK-22360-ER |
|---|---|
| GURMEET SINGH and RENU GURMEET SINGH, | Chapter 7 |
| Debtor. | |
| THOMAS REIDER, | COMPLAINT TO DENY DISCHARGE AND TO DETERMINE DISCHARGEABILITY |
| Plaintiff, | |
| v. | |
| GURMEET SINGH and RENU GURMEET SINGH, | |
| Defendant. | |

Thomas Reider, by and through his attorney's of record, as and for his Complaint against Gurmeet Singh and Renu Gurmeet Singh, respectfully represents:

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to deny the Debtor's discharge under 11 U.S.C. § 727 (a)(3) and (5) as well as an action to declare the Debtor's debt to the Creditor/Plinitff nondischargeable under 11 U.S.C. § 523 (a)(2), and as such, this is a core proceeding.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(4) and (6).

4. Gurmeet Singh and Renu Gurmeet Singh (Debtor) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 20, 2009. Plaintiff is a creditor of the Debtor.

5. David L. Ray is the appointed and acting Trustee for the Debtor's case.

6. This Debtor is and at all times relevant was the chief executive officer and principal shareholder of ALLOY USA, INC., a California Corporation. On June 20, 2006, Debtor, acting as CEO of ALLOY, entered into a contract with Plaintiff for the purchase of Plaintiff's business, PRECISION GEAR, INC. The purchase price to be paid to Plaintiff was $4,900,000.00. Debtor also executed a personal guarantee jointly with Ronald Stobaugh, President of ALLOY to guarantee the full and prompt payment of the consideration due to Plaintiff.

7. Included in the sale of PRECISION was approximately $3,500,000.00 worth of inventory that was secured by a unperfected security agreement.

8. As of the petition date, Debtor owed to Plaintiff approximately $2,900,000.00.

9. In acquiring PRECISION, Debtor took control of approximately $170,800.00 in Equipment, $365,000.00 in account receivables, $235,000.00 in account payables, and $3,500,000.00 of Inventory. Shortly after the purchase, most of PRECISION's employee's were laid off and the accounting of the business was neglected and/or ignored.

10. From 2007 through late 2008, Debtor liquidated the Inventory of PRECISION, in which Plaintiff held a security agreement. No adequate accounting of the liquidation of the Inventory was kept.

11. In March 2008, Debtor initiated a lawsuit against Plaintiff in Michigan for Breach of Contract. Plaintiff Counter Claimed for Breach of Contract for debtor's failure to make payments under the contract. On May 21, 2009, the Michigan court dismissed Debtor's complaint against Plaintiff with prejudice.

12. On November 4, 2008. Debtor completed the liquidation of the Inventory with a general Assignment for the Benefit of Creditors sale of which, Plaintiff was never given notice.

## COUNT 1 - § 727(a)(3)

13. Debtor reported a Annual Gross Income loss for 2008 of $4,946,767.00 from First Federal Bancorp, a umbrella company that controls may of Debtor's other corporations, of which ALLOY and PRECISION are included. Curiously, this loss included the sale of approximately 3,500,000.00 in PRECISION Inventory, which was hidden from Plaintiff.

14. Debtor has destroyed books and records from ALLOY. On August 24, 2008, Plaintiff observed two full dumpsters of shredded documents outside of ALLOY's place of business in Michigan. Upon inspection of the inside of the building, Plaintiff could not locate any books or records of the business, save a drawer of records from 2007 that had clearly been unintentionally left behind.

15. Debtor has failed to produce adequate records in the instant matter to allow for a meaningful investigation into the assets and the flow of assets of Debtor within the numerous corporations controlled by Debtor and which account for debtor's loss reported in 2008 of $4,946,767.00. This begs the question: where did the proceeds from the liquidation of PRECISION Inventory disappear? Are the $4,946,767.00 in losses related to Debtor's business holdings or to their personal finances only?

16. Debtor's actions constitute the concealment, destruction, falsification or failure to keep records from which the Debtor's financial condition may be ascertained that should preclude discharge pursuant to § 727(a)(3).

## COUNT 2 - § 727(a)(5)

17. Plaintiff re-alleges and incorporates all previous paragraphs herein.

18. Debtor has failed to adequately explain his losses to a sufficient degree that would allow discharge. Debtor reported a 2008 loss of $4,946,767.00 from First Federal

Bancorp, yet received the benefit of selling nearly three million in Inventory from PRECISION. To where did this five million dollars evaporate? No sufficient information nor explanation has been provided by Debtor to adequately account for this, especially considering the numerous and varied corporations and d/b/a's that Debtor runs in which assets could be unjustly channeled. Debtor must answer for the losses in a more complete manner that what has been presented.

### COUNT 3 - § 523 (a)(2)(A)

19. Plaintiff re-alleges and incorporates all previous paragraphs herein.

20. At the time Debtor incurred the debt to Plaintiff and purchased PRECISION, the totality of the circumstances show Debtor falsely represented his intentions with respect to the future of PRECISION and his ability to repay the debt owed to Plaintiff.

21. At the time of the sale of PRECISION, Debtor represented that he intended to expand and grow PRECISION. This representation was a main reason why Plaintiff sold PRECISION to Debtor. Further, this representation was made to show Plaintiff that there would be adequate funding with which Debtor could repay the debt to Plaintiff.

22. Shortly after purchasing PRECISION, Debtor greatly downsized the employees of PRECISION in contradiction to his prior representation, eliminated nearly all advertising, discontinued the in-place formal record keeping, and began liquidating the Inventory. In doing so, debtor essentially abandoned a business that was capable of a million dollars a year in revenue.

23. Debtor is a sophisticated businessman with experience at the helm of numerous corporations doing business worldwide.

24. Debtor's actions and representations were relied upon by Plaintiff in selling PRECISION to Debtor. Plaintiff had personally built up PRECISION over many years and had a deep personal attachment to PRECISION and its numerous employees. One of the pillars of the sale of PRECISION was founded upon the fact that Debtor was to continue to grow and develop PRECISION, not dismantle and

liquidate the business. Plaintiff reasonably relied upon the representations of Debtor with respect to his intention to build PRECISION, and in doing so, has been damaged by not only being subjected to a breach of contract due to non-payment by Debtor but also by having his name and business name dragged through the mud.

25. Plaintiff would not have sold PRECISION to debtor had debtor been honest about his intention to dismantle the business. Debtor had the specific intent to defraud Plaintiff by misrepresenting his intentions about PRECISION's future and his ability to repay the debt to Plaintiff. Debtor's misrepresentations and concealment constitute material misrepresentations of the facts.

26. Debtor intended for Plaintiff to rely upon those misrepresentations upon which Plaintiff reasonably relied.

27. Debtor's conduct has damaged Plaintiff in the amount of $2,900,000.00 plus interest.

28. Debtor should be denied a discharge under § 523(a)(2) for Plaintiff's claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. A monetary judgment in the amount of his damages in the amount of $2,900,000.00 plus interest to the filing date, plus contract rate interest to date of judgment, to continue post-judgment;
2. An Order of non-dischargeability under 11 U.S.C. § 523 (a)(2)(A);
3. An Order denying the Debtor's discharge under 11 U.S.C. § 727 (a)(3), (5);
4. An award of reasonable attorney's fees and costs;
5. Any other relief the Court deems just and equitable.

DATED: August 14, 2009          VOSS, SILVERMAN & BRAYBROOKE LLP

By: /s/ John Worsfold
JOHN WORSFOLD,
Attorneys for Plaintiff/Creditor
Thomas Reider

VOSS, SILVERMAN & BRAYBROOKE, LLP
MARINA TOWERS 4640 ADMIRALTY WAY, SUITE 800
MARINA DEL REY, CALIFORNIA 90292-6602
310.306.0515

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is: 4640 Admiralty Way, Suite 800, Marina del Rey, California 90292-6602.

On August 14, 2009, I served the foregoing document(s) described as

**COMPLAINT TO DENY DISCHARGE AND TO DETERMINE DISCHARGEABILITY**

on the interested parties in this action as set forth below [X] By placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[X]   VIA MAIL

[ ]   VIA OVERNIGHT DELIVERY
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to Denise Asher. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at 4640 Admiralty Way, Suite 800, Marina del Rey, California 90292, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   VIA MESSENGER
I sent via e-mail, to Janney & Janney Attorneys Services, Inc., to hand deliver on the office of Estey & Bomberger located at 2869 India Street, San Diego, California 92103 during regular business hours on said date.

[ ]   VIA TELECOPIER
A copy of the above-referenced document(s) was transmitted, via facsimile transmission, to the above addressee on said date.

[ ]   VIA PERSONAL SERVICE
I personally delivered such envelope(s) to the addressee at * California, at __:__ on said date.

I declare, under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on August 14, 2009, at Marina Del Rey, California.

Brandi Rosales

---

Proof of Service

## SERVICE LIST

Michael G. Spector
Law Offices of Michael G. Spector
2677 N. Main St, Ste 800
Santa Ana, CA 92705
714-835-3130
Attorney for Debtor

David L Ray
Saltzburg, Ray & bergman
12121 Wilshire Blvd, Ste 600
Los Angeles, CA 90025
310-481-6700
Trustee

US Bankruptcy Court
255 E. Temple St
Los Angeles, CA 90012